The last case on the calendar, Zurich American Insurance versus Liberty Mutual. May it please the Court, my name is Nicholas Payone, and I represent Zurich American Insurance Company. This case raises the question that concerns all of us as lawyers and judges of whether form over substance and form over basic fairness is more important or is it the other way around. In this case, it started with a woman named Roxanna Robinson falling at a construction site at a shopping center as a pedestrian, and the shopping center was owned by, let's call that party Brooks for short, and the property manager was, let's call it Masaryk for short. Roxanna Robinson sued Brooks and Masaryk, the owner and the property manager. She did not sue the general contractor in the project, which was Whiting-Turner. Brooks and Masaryk were being defended and indemnified under Zurich's policy, which was issued to Whiting-Turner. Brooks and Masaryk then brought in the Warsaw insured, a subcontractor named Montessano. Let me ask you a question. Sure. Would all of your problem have gone away if Whiting-Turner was joined as a plaintiff in this suit against Liberty? Well, I submit that it wasn't a problem until the summary judgment decision of Judge Carter came down. It wasn't necessary because — Why not? With a $500,000 deductible, why not? In a slip and fall? Because Whiting-Turner had assigned its rights to Zurich to recover that $500 deductible or any of the money spent — $500,000 deductible. I'm sorry, $500,000 deductible. And how much is at stake here, like $40,000, $40,000, $50,000? I honestly don't know the amount of the — Counsel fees, right? Because she lost. Yes. There was a summary — You know that, that she lost, right? Robinson lost in the — Yes. I'm aware of that. There was a summary judgment dismissing the plaintiff's complaint because of a trivial defect, and that judgment was affirmed by the first department. Yes. So at this point — What we're talking about now, I think it's some $47,000 in legal fees? I'm not aware of the amount. Okay. But I believe we're not talking about indemnity here. We're talking about defense costs. Is Whiting-Turner going to have to pay that? Yes. Under their policy with Zurich, they are obligated to pay that. And so they — That's different. They may have an obligation to pay, but was a demand made for them to pay, to reimburse? Under the policy, they are going to have to reimburse. The question is, has — it might have been waived. I mean, why aren't they here? Well — That's part of what is puzzling is — I mean, and under the policy, Zurich could have demanded that Whiting-Turner join the case, right? There was a subrogation provision which gave Zurich the right to require Whiting-Turner to join. And then we wouldn't have this issue. Well, even if Zurich was pursuing a subrogation claim, they wouldn't have to necessarily name the insured. They could do it on behalf of the insured, and that happens all the time. My point is they had the right to demand that Whiting-Turner join the case as a plaintiff. If they had, then Whiting-Turner could be asserting this right, and we wouldn't be having this argument at all. Well, as a matter of practice, they don't name the insured. They recover the insured's deductible. In this case, Whiting-Turner had a huge deductible, which is not very common. But Zurich's practice in this case with Whiting-Turner was to pursue recovery of that deductible or expenses toward that deductible. You agree that under New York law, it's well settled that Section 3420D does not apply to claims between insurers? Yes, but that's not what we're dealing with here. And so your argument is that that provision is waived and that Zurich should be able to invoke waiver on behalf of Whiting-Turner? Yes, because the waiver right is that of Whiting-Turner under 3420. We're not dealing here with a true contribution claim between insurers. Is there a law that says 3420D2 does not apply when an insurer is invoking waiver on behalf of an insurer? I believe this is a unique situation, Your Honor. The answer is no, there's no case law? I don't believe so. And it's Whiting-Turner's money that we're really talking about here, and that's why. There are cases that talk about you may require this timely notice if there's such a huge deductible, because it's going to be Whiting-Turner that's going to end up paying $500,000. Are there any cases like that around the country even under these provisions? My guess is other states have similar provisions. I don't believe so, or I don't know if that was research done at the time of the summary judgment motion stage below. I didn't see anything in that regard. And I didn't do national research for this appeal. Sure, it's right to insure. Typically people, maybe companies, have the right to know right away if there's something at risk here of theirs. But New York cases are pretty consistent that it doesn't apply insurer to insurer. But we have this strange situation of such a large deductible and a slip and fall. Maybe Whiting-Turner, I mean, it wasn't sued by Ms. Robinson. It was only the owner and the operator of the mall, right? Right. And Whiting-Turner is not making a claim as an additional insured under Walsall's policy. It's basically got a right to collect the amount it has to expend for defense costs and indemnity of Brooks and Masaryk because of that $500,000 deductible. And that's the claim that they have, and that's they're the — within the zone of interest as contemplated by insurance law 3420 as being entitled to the protections of, you know, late disclaimers. Okay? Because here it's not an action between insurers only because here the money that's recovered from Walsall is not going to Zurich, it's going to Whiting-Turner. And so that's what I think was overlooked below. So your office filed the declaratory judgment action here, right? Yes, we did. Right? Yes, yes. And Zurich is the only plaintiff. It's not Zurich and then Whiting-Turner. That is correct. And Zurich did not believe it had to bring Whiting-Turner in as a co-plaintiff because it had the right to pursue the recovery of the monies that Whiting-Turner would be responsible for under its $5,000 deductible because of the assignment provision in the contract of insurance. And Judge Carter below is saying, well, Whiting-Turner should have been a plaintiff. Why go ahead and have a new action now where Whiting-Turner is a plaintiff? Isn't that form over substance? That's what I'm arguing here. You've saved some time for rebuttal. Yes, I did. We'll hear from the other side. Okay. Thank you. May it please the Court, my name is Marshall Potashner for the appellees Liberty Mutual and Walsall. I'm going to address two things. First, the obvious is that Whiting-Turner is not a party in this suit. But let's assume they were. Whiting-Turner, first of all, would have no claim against Walsall, and they do not fall within the zone of protection of the 3420D2 statute. First, with respect to their claim against Walsall, we actually moved and pointed out that there would be no coverage for recovery of this deductible obligation by Whiting-Turner under the Walsall policy. In response to that, Zork conceded that argument. There is no coverage. So they would have no claim against Walsall. I don't understand why isn't there any coverage. Because Whiting-Turner, there's no claim for bodily injury caused by an accident against Whiting-Turner. The claim against Whiting-Turner, if there was a suit, and remember, it's a liability insurance. Right, well, you had to start with this. You had started with a hypothetical. Yes, but if there was a suit, the claim against Whiting-Turner is for economic responsibility under a contract. They were never sued in a tort action saying that they were responsible. They agreed contractually to pay a deductible for third parties. So Whiting-Turner would have no coverage, and this was argued, and Zork conceded this in the underlying case, in the motion argument, that Whiting-Turner would have no right of coverage under the Walsall policy. Let me ask you this. I didn't understand this Walsall policy, and maybe you can explain it to me. There's a provision that covers additional insurers, and there's an exclusion for construction. But the policy is only about construction, right? The policy, Montesanos, what Montesanos was doing was construction, right? And so the policy is all about construction, but then there's an exclusion when you get to the additional insurers. So how does that work together? Okay. There are two additional insured provisions. The policy covers a lot more than construction. If somebody's walking in Montesanos' offices, trips and falls in their offices, and sues Montesanos, this is a policy that would provide coverage. It's not limited to its work.  There's one additional insured provision for installation services. It does not have a construction exclusion. Zurich decided, they argued successfully that that installation provision does not apply here because it has a negligence requirement, a specific negligence requirement. They said, let's use this other provision that has a construction exclusion. Now, that provision at that time under New York law did not have a negligence requirement. Under the recent Burlington case, which I submitted to Your Honor in a letter a couple days ago, that exact language has now been construed by the New York Court of Appeals to have a negligence requirement. And for the same reason why they couldn't make out a negligence requirement for, I believe, Item 10, they can't make one out for Item 11. But circling back to this 3420D issue. Okay. Just a second. Okay. Can you help me understanding this? Montessano was required to get this insurance policy because it was doing construction in the shopping mall. And it was required to have additional insureds. But those additional insureds weren't going to be covered for this construction because of the exclusion. I mean, the policy may cover more, but the whole reason they got this policy was because they were doing construction in this building. No, Your Honor. Zurich made a litigation decision. They ignored the provision that would apply. The one that would apply is the ‑‑ it would be ‑‑ I'm not answering. I'm talking about Section 11, not Section 10. Section 11 would never apply to construction operations. It's only Item 10 that would apply to construction operations. They made a litigation decision to say ignore Item 10. They shouldn't have made that decision. But they made the decision to say ignore Item 10. Item 10 is the one that would apply to construction operations. It has a higher standard in its body, a negligence standard, which has now been incorporated by the Court of Appeals into the other item. At least I understand now what you're saying. Okay. Whether I agree with you or not, I understand what you're saying. I understood, Your Honor. Okay. Now, going back to ‑‑ let me just circle back to 3420D, the waiver issue, because there's no dispute that on Item 11 there's no coverage because of the construction operation. Construction exclusion, the only issue is waiver. Now, I previously argued that Whitey Turner wouldn't be entitled to coverage. They also wouldn't be entitled to make a claim as there is no claim under New York law, there's no precedent for somebody paying a deductible for a third party to recoup that against an alleged another insurer for that third party. They don't cite one single case. There is no caseload to support such a claim. And it's not a subrogation case. A subrogation case is against a tort wrongdoer. An insurance company is not a tort wrongdoer. This Court has described cases between insurance to insurance companies as coinsurance contribution cases. They're not an insurer. If they are bringing this as an insurer, then the waiver doctrine doesn't apply to them. If they're not an insurer, then they have no right of action. And the right of action between insurance companies, by the way, comes because of the other insurance provisions between the two policies. Switching over to why even if Whiting-Turner would not be within the zone of protection for 3420D2 waiver. First, Whiting-Turner is not an insurer. There's no claim against Whiting-Turner tort claim. They're not an insured of Wausau. That's why, remember, 3420D, the zone of protection, and the quote from the statute is it protects the insured and the injured party or any other claimant. So I'm going to go through those three. They're not an insured. The injured party refers to the party alleging bodily injury. They're not the party alleging bodily injury, so they're not within the zone of protection. And then you have the words or any other claimant. And that follows the words injured party. This other claimant connotes someone else other than the injured party that may have a claim against the insured. Whiting-Turner has no claim against any insured of Wausau. In fact, if it meant, as Zurich alleges, any other claimant means anybody having a claim against the policy, well, that would include Zurich then. But the courts of New York have made it clear that any other claimant really refers to a claimant against an insured, and they're not an insured. They also ignore that the waiver doctrine only applies when there's a covered claim in the first place. There was no covered claim against Whiting-Turner in the first place. Where is the claim for bodily injury caused by an accident against Whiting-Turner? There is none. And it's clear when they talk about Whiting-Turner being the real party of interest. Well, it's not a subrogation case, and the fact of the matter is they're not the plaintiff herein. Zurich is. They make a big issue about whether or not Whiting-Turner or Brooks or Maesrich is being bound to the decision. The decision in this case or the judgment in this case is simply that Warsaw and Liberty Mutual's motion for summary judgment was granted and Zurich's motion was denied. Any issues concerning the binding effect on non-parties to this case is something to be addressed in any subsequent case that those parties It's between Whiting-Turner and its insurer. There's no res judicata or collateral estoppel, right? I haven't addressed that issue. I don't know. Honestly, Your Honor, I don't know, but that would be something that would be addressed in a subsequent action if Whiting-Turner were to bring its own lawsuit. I don't think it's something to be addressed in this action in which Whiting-Turner is not a party. And it wasn't addressed by the parties herein because this is not about This is about the rights between Zurich and Warsaw and Liberty, not about the rights of non-parties to this suit. To the extent that there may be some collateral estoppel or res judicata, that's something that, again, would be addressed if there's any subsequent suit. I would and I just want to address on the other insurance provisions quickly. The other insurance provisions, if there was coverage, it would be coinsurance. Unless there are further questions, I'll rest on my papers and would request that Your Honors affirm the decision below. Thank you. Thank you. We'll hear the rebuttal. Multiple letters went to Warsaw from Zurich on behalf of Brooks Masaryk and Whiting-Turner seeking the additional short coverage for Brooks and Masaryk in the Robinson lawsuit, and they ignored every one of them until this lawsuit came. So that's why the decision was made in the litigation to rely on Section 11 because that construction exclusion in Section 11 was waived under the insurance law 3420, which endorsed to the benefit of Whiting-Turner. Now, for the – Can I just ask, what's the prejudice by the late notice or the late disclaimer? What's the prejudice? I think this was before the change in the law, so you don't have to show prejudice. There's no requirement to show prejudice here to invoke the late disclaimer rule because it was before the change in the law, I believe. That may be true, but what would be the prejudice? I don't know if there is any prejudice necessarily. I haven't thought about that, in all honesty. They never came up. But I don't think it matters whether there is or not. We're just going by the law 3420 and the provisions and that it applies to Whiting-Turner as represented by Zurich under the assignment agreement. Okay. Now, they say that Whiting-Turner had no claim here. That's a red herring because we're not seeking coverage for Whiting-Turner under the Warsaw policy for either additional insured coverage or for any obligation it has under its own policy with Zurich to pay back up to $500,000. We're not looking for coverage for that. We are talking about a claim that Whiting-Turner has for reimbursement from Warsaw for the cost of defending Brooks and Masaryk because Brooks and Masaryk are additional insured under the Warsaw policy. And Judge Carter did decide that they are additional insured, and that was never disputed in this appeal. There was no appeal by Warsaw saying the judge was wrong in holding that Brooks and Masaryk are insured under Warsaw's policy. So it's improper to bring that up here or two days ago in a surreply letter to the court that's not even allowed. So I don't think Burlington, if he's trying to bring it up, really has any bearing here on this proceeding. And with respect to the 28J letter wasn't allowed? No, no, I'm not saying that. Well, I mean, I don't think the provisions of 28J were complied with here because three months ago is when Burlington came out, and only two days ago they brought it up in the supplemental letter. I'm saying that it's irrelevant here because they never appealed the decision that White and Turner — I'm sorry, that Brooks and Masaryk are additional insured under their policy, and they cannot now dispute that by using Burlington. That's what I meant, that it doesn't — that it's not allowed. And then they brought up that under 3420 there's the language any other claimant against Walsall insured, and that White and Turner is not any other claimant under that language in 3420. They are. They have a potential claim against Brooks and Masaryk for contractual indemnity because — I'm sorry, claim against Montesano, the Walsall insured, for contractual indemnity because of the contract between White and Turner and Montesano and the contractual indemnity provisions there. So I would just request that Your Honors reverse the decision below and grant summary judgment to Zurich and find that the additional short coverage is on a primary basis, as argued in our brief. So I could rest with that, even though I have more time. Do you have any more questions? You're over. Oh, I'm sorry. It's okay.